IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KERRY McCOVERY, #271837, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-409-WHA |
| ) | [WO] |
| JEFFERSON DUNN, et al., ) | |
| ) | |
| Defendants. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Kerry McCovery, an indigent state inmate, in which he challenges the constitutionality of medical treatment provided to him at the Easterling Correctional Facility from April 2016 until the filing of this case.

The order of procedure entered in this case instructed McCovery to inform the court immediately of any change of address. Doc. 6 at 5. The court's docket indicates that McCovery received a copy of this order. However, the postal service returned as undeliverable orders recently entered in *McCovery v. Myers, et al.*, Civil Action No. 2:16-cv-744-MHT-GMB (M.D. Ala.), another 42 U.S.C. § 1983 action McCovery filed in this court.[1]

Based on the foregoing, the court entered an order requiring McCovery to inform the court of his current address no later than June 19, 2017. Doc. 51. This order

---

[1] The last address provided to the court by McCovery is Easterling Correctional Facility. A recent search of the inmate database maintained by the Alabama Department of Corrections at http://doc.state.al.us/InmateSearch indicates that McCovery is no longer incarcerated within the state prison system.

specifically advised McCovery that the case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. Doc. 51 at 1–2. As of the present day, the court has received no response from McCovery to the aforementioned order, nor has he provided the court with his current address as required by the order of procedure. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether any measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. System of Ga.*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, the court finds that dismissal of this case is the proper course of action. McCovery has failed to comply with the directives of the orders entered by this court regarding the provision of a current address. This case cannot properly proceed in McCovery's absence. Moreover, as stated above, the court has reason to believe that McCovery has been released from his incarceration. All of these factors indicate an abandonment of this action such that less punitive measures would be ineffectual. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to prosecute this action.

The parties may file objections to the Recommendation on or before **July 5, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which his objection is made. Frivolous, conclusive, or general objections will not be considered by the court. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 21st day of June, 2017.

  /s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE